UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADDUS HEALTHCARE, INC. and WHITNEY CLENDENIN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) |

11 C 3788

Judge Feinerman

**MEMORANDUM OPINION AND ORDER**

On July 8, 2010, Plaintiff Whitney Clendenin, an employee of Plaintiff Addus Healthcare, Inc., was involved in an automobile accident. Two passengers in the vehicle Clendenin was driving were seriously injured, one fatally. The surviving passenger, the deceased passenger's estate, and the deceased passenger's widow filed suit against Plaintiffs and the other driver in the Circuit Court of the First Judicial Circuit, Williamson County, Illinois. *Carney v. Crady*, No. 2010 L 120 (Williamson Cnty., Ill.). The owner of the vehicle Clendenin was driving had an automobile insurance policy written by Defendant Auto-Owners Insurance Company, which has acknowledged its duty to defend Plaintiffs in the state lawsuit. To date, Auto-Owners has provided that defense with counsel of its choosing from the Jelliffe, Ferrell, Doerge & Phelps law firm. Believing they have a conflict of interest with Auto-Owners due to "a non-trivial probability" that they will be found liable in an amount exceeding the $100,000 limit of the Auto-Owners policy, Plaintiffs demanded that Auto-Owners provide them with independent counsel from the Johnson & Bell law firm. Auto-Owners refused, and Plaintiffs retained Johnson & Bell to defend them in the state lawsuit, thus far at Plaintiffs' own expense.

In June 2011, Plaintiffs filed the present case against Auto-Owners, seeking a declaration (1) that a conflict of interest exists between Plaintiffs and Auto-Owners with respect to the defense of the state lawsuit and (2) that due to the conflict of interest, Plaintiffs have a right to retain independent counsel at Auto-Owners' expense to defend them in state court. The complaint rests subject matter jurisdiction on the diversity statute, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Auto-Owners has moved to dismiss for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Auto-Owners concedes that the parties are diverse, but contends that the matter in controversy does not exceed $75,000. The motion is denied.

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that ... the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (footnotes omitted). The Seventh Circuit issued the following instructions to district courts asked to consider whether the jurisdictional minimum has been satisfied:

> [A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006) (citation omitted); *see also LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008).

Auto-Owners contends that Plaintiffs have not shown that a judgment in Plaintiffs' favor will cost Auto-Owners more than $75,000. As Auto-Owners explains, if Plaintiffs prevail in this suit, Auto-Owners will discharge the Jelliffe firm and turn over the defense to Johnson & Bell, and the difference between what Auto-Owners is paying the Jelliffe firm and what it would pay Johnson & Bell does not exceed $75,000. Auto-Owners' math may or may not be correct, but its point is moot, for as the above-quoted passage from *Sadowski* makes clear, the amount of controversy can be assessed from either the defendant's or the plaintiff's viewpoint. *See Uhl v. Thoroughbred Tech. and Telecomms., Inc.*, 309 F.3d 978, 983 (7th Cir. 2002) ("In this circuit ... it is established that the jurisdictional amount should be assessed looking at either the benefit to the plaintiff or the cost to the defendant of the requested relief—the so-called 'either viewpoint' rule.") (citing cases). So, Plaintiffs can satisfy their burden under *Sadowski* if they show, by a preponderance of the evidence, that regardless of how much a declaratory judgment in their favor would set back Auto-Owners, it is worth more than $75,000 to them.

"In suits seeking the equitable remedies of an injunction or a declaratory judgment, the amount in controversy is determined by the value to the plaintiff (or petitioner) of the object of the litigation." *America's MoneyLine, Inc. v. Coleman*, 360 F.3d 782, 786 (7th Cir. 2004). The Seventh Circuit has "adhered to the rule that the value of the object of the litigation is the 'pecuniary result' that would flow to the plaintiff … from the court's granting the injunction or declaratory judgment." *Ibid*. Plaintiffs have provided ample proof, by well over a preponderance of the evidence, that the pecuniary benefit to them of the declaration they seek exceeds $75,000.

Plaintiffs' proof comes primarily from the affidavit of Celio L. Franco IV, a Johnson & Bell attorney currently working on the state lawsuit. Doc. 23 at 16-24. According to Franco, as of September 19, 2011, Johnson & Bell had billed Plaintiffs $63,684.20 for attorney fees incurred in the state lawsuit. *Id*. at 17-18, ¶¶ 11-14. Franco further avers that the state lawsuit is still in the written discovery phase, and that a conservative estimate of the additional fees that will be incurred through trial—an estimate supported by a highly detailed analysis of the various tasks that must be completed and attorney time that likely will be expended—is $79,355. *Id*. at 18-23, ¶¶ 15, 17-29. Those fees are *eminently* reasonable given that the state lawsuit is an accident case involving one fatality and one serious injury. Because a declaration in Plaintiffs' favor would result in Auto-Owners rather than Plaintiffs paying Johnson & Bell's bills, Franco's affidavit amply demonstrates by a preponderance of the evidence that the pecuniary consequences to Plaintiffs of a favorable declaration exceeds $75,000. *See Sadowski*, 441 F.3d at 542 (the "proponent of federal jurisdiction ... [can] establish what the plaintiff stands to recover ... by introducing evidence in the form of affidavits"). Auto-Owners does not even attempt to rebut Franco's calculations, and thus has not shown "to a legal certainty" that the suit is worth $75,000 or less to Plaintiffs. *St. Paul Mercury*, 303 U.S. at 289.

Auto-Owners cites *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955 (7th Cir. 1998), for the proposition that the Johnson & Bell fees incurred in the state case after Plaintiffs filed this federal case cannot be counted towards the jurisdictional minimum. The proposition is incorrect. *Gardynski-Leschuck* held that when the prevailing federal plaintiff in a diversity case is entitled to recover the attorneys fees it expended in obtaining a judgment in that case, the fees incurred after the suit was filed do not count towards the jurisdictional minimum, as jurisdiction "depends on the state of affairs when the case begins." *Id*. at 958. Applying this principle,

*Gardynski-Leschuck* found the jurisdictional minimum unsatisfied when the plaintiff's total recovery (damages plus attorney fees) exceeded the minimum only by counting the fees incurred during the litigation and recovered from the defendant under a state fee-shifting statute. *Id*. at 958-59. As the Seventh Circuit explained, "legal expenses that lie in the future *and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand* are not an amount 'in controversy' when the suit is filed." *Id*. at 959 (emphasis added).

Here, Plaintiffs do not contend that the fees incurred in pursuing this federal declaratory judgment action count towards the jurisdictional minimum. Rather, they rely solely on the Johnson & Bell fees that have been and will continue to be incurred in the state lawsuit. Unlike the situation in *Gardynski-Leschuck*—where the attorney fees in question would not have been incurred, and the jurisdictional minimum indisputably would not have been satisfied, had the defendant there confessed judgment "on the date [the suit] was filed," *ibid*.—the Johnson & Bell fees in the state tort suit will continue to be incurred regardless of what has happened or will happen in this federal litigation. That is, unlike the fees in *Gardynski-Leschuck*, Johnson & Bell's fees in the state tort suit could not have been "avoided by [Auto-Owners'] prompt satisfaction of" Plaintiffs' demand for independent counsel at Auto-Owners' expense; the only question is whether Auto-Owners or Plaintiffs are responsible for payment. It follows that those fees cannot be pushed aside when calculating the amount in controversy. The point is confirmed by *Sadowski*, which held that in a federal suit seeking a declaration regarding insurance coverage in an underlying lawsuit, "[t]he expense of providing a legal defense [in the underlying lawsuit] … counts for purposes of § 1332." 441 F.3d at 537; *see also Grinnell Mut. Reins. Co. v. Shierk*, 121 F.3d 1114, 1117 n.2 (7th Cir. 1997) ("the costs of defending the insured [in the underlying case] should be taken into consideration when determining whether the amount in controversy

satisfies the jurisdictional amount") (citing *Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 515 (7th Cir. 1968)).

For the foregoing reasons, the jurisdictional minimum is satisfied, diversity jurisdiction was properly invoked, and Auto-Owners' motion to dismiss is denied.

October 28, 2011

_____
United States District Judge